**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Arthur Mutegetsi<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility PATRICIA HYDE, Field Office Director, U.S. Immigration and Customs Enforcement, Boston Field Office, DAVID VENTURELLA, Senior Official Senior Official Performing the Duties of the Dir., U.S. Immigration and. Customs Enforcement, and MARKWAYNE MULLIN. Secretary of U.S. Department of Homeland Security,<br><br>Respondents. | C.A. No. 26-13050<br><br>**PETITION FOR WRIT OF HABEAS CORPUS** |

This is a petition for a writ of habeas corpus filed on behalf of Petitioner, Arthur Mutegetsi, detained by the Respondents at the Plymouth County Correctional Facility pending the appeal of his removal order at the Board of Immigration Appeals (BIA). Petitioner's arrest and subsequent detention by ICE on July 1, 2026 was unlawful as there has been no change in his conditions to warrant his detention, and he is not currently deportable while his asylum application is on appeal. As such, through undersigned counsel, Petitioner respectfully seeks his

immediate release from ICE custody, or in the alternative, a judicial order preventing his transfer out of the Commonwealth of Massachusetts and granting him a custody redetermination before the Chelmsford Immigration Court as soon as possible.

## STATEMENT OF FACTS

1. Petitioner, Arthur Mutegetsi, is a 28 year old citizen and national of Rwanda.
2. Mr. Mutegetsi has resided in the U.S. since at least March 2024, when he entered the U.S. without inspection.
3. Mr. Mutegetsi applied for asylum, which the Immigration Court denied on May 27, 2026. Mr. Mutegetsi's immigration court counsel filed a notice of appeal which was receipted on June 24, 2026, two days before the deadline. Because the appeal is pending, he should have an automatic stay of removal under 8 C.F.R. § 1003.6(a).
4. Based on knowledge and belief, Petitioner complied with all ICE check-in requirements and and attended all immigration court hearings. He has no criminal history. There is therefore not a basis for ICE to take him into custody, and no individualized custody determination was made.
5. Petitioner is presently in the custody of U.S. Immigration Customs and Enforcement ("ICE") at the Plymouth County Correctional Facility at 26 Long Pond Rd, Plymouth, MA 02360.
6. ICE arrested Mr. Mutegetsi on July 1, 2026 in Maine, and was subsequently transferred to the Plymouth County House of Corrections.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 2241.
8. Venue lies in the District of Massachusetts, the judicial district where Petitioner is currently detained.

## PARTIES

9. Petitioner is a citizen and national of Rwanda, who is detained in Massachusetts.

10. Respondent Antone Moniz, Patricia Hyde, and other Respondents of their agents, are the Petitioner's immediate custodians.

## CLAIM FOR RELIEF

## VIOLATION OF FIFTH AMENDMENT RIGHT TO DUE PROCESS

11. Petitioner's detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

12. The procedural component of the Due Process Clause of the Fifth Amendment to the United States Constitution prevents the Respondents from depriving Petitioner of liberty without procedural protections.

13. Respondents violated Petitioner's right to not be detained with an individualized custody determination when they detained him while he is not deportable.

14. Petitioner's procedural due process right to counsel of his choosing would be abridged by interstate transfer because Petitioner is represented by counsel based in Boston, Massachusetts. Travel to other states would be impossible or cost prohibitive, inhibiting undersigned counsel's physical access to Petitioner.

15. Transferring Petitioner to another state would also divest the Chelmsford Immigration Court of jurisdiction over his bond proceedings, causing him to wait another week, or longer, before he can seek bond before an immigration judge. See EOIR PM 25-49 (PDF) Clerical Transfers of Bond Redetermination Requests (Sept. 15, 2025). Counsel intends to file a motion for a bond hearing shortly.

## PRAYER FOR RELIEF

Wherefore, Petitioner asks this Court to GRANT the following relief:

1. Assume jurisdiction over this matter;
2. Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;
3. Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately on his own recognizance or under parole, a low bond, or reasonable conditions of supervision;
4. In the alternative, order that the Immigration Court issue a speedy custody redetermination hearing;
5. Issue an order that Petitioner not be removed from Massachusetts pending the adjudication of the writ;
6. Order that ICE return all personal property to Petitioner upon release, including any government issued-IDs, including his work permit and driver's license;
7. Grant any other relief which this Court deems just and proper.

Respectfully submitted,

July 1, 2026

**PETITIONER Arthur Mutegetsi ,**

By his attorney,

Robin N. Nice
McHaffey & Nice, LLC
6 Beacon Street, Suite 720
Boston, MA 02108
617-702-8921 (phone)